Nash, J.
 

 The plaintiff’s bill must be dismissed. He alleges that in the year 1828, he intermarried with Nancy Whitfield, the mother of the defendants, who owned a considerable portion of personal property, among which were the negroes in controversy, and that on the day of the marriage and before the ceremony took place, without his knowledge, privity or consent, she conveyed all of her personal property to her three children, Hester, Isaac, and John Whitfield: That the deed was not registered until near nine years thereafter, and that he continued in the undisturbed possession of the slaves up to the time of the death of his wife in 1836, when he was dispossessed of them by the guardians of the children. The evidence fully sustains the allegations of the bill as to the time and manner of making the deed by Mrs. Whitfield. There can therefore be no doubt it was a fraud upon the marital rights of the plaintiff, and in equity is
 
 *164
 
 void, as to him. But it appears that Nancy Whitfield was the widow of John Whitfield, and had by him
 
 the
 
 three defendants, Hester, and Isaac, and John Whitfield. John Whitfield by his last will and testament, bequeathed to his wife three negroes, Matilda, Alley, and Esther, for and during her natural life, and then over to the defendants. It will be remembered that we are
 
 not
 
 expressing any opinion as to John Whitfield’s will, further than is necessary to the decision of this case. The defendants by their answers allege, that Matilda and Alley originally belonged to their grand-father, Isaac Kornegay, and are the stock from which all the negroes have sprung, who are now in controversy in this case: That their grandrfather by deed bearing date the 24th Sept. 1S24, gave the negroes, Matilda and Alley, to their mother, Nancy Whitfield, and that she was at that time a
 
 feme covert,
 
 their father John Whitfield being still alive. To avoid the force of this deed, it is alleged by the plaintiff, that, although it bears date during the life-time of John Whitfield, yet in fact, it was not delivered until after his death. This is the important question in the case. A deed takes effect from its delivery, and not from its date ; the former is of its essence, the latter is not. If then, the deed was in truth delivered after the death of John Whitfield, though dated before the negroes were the property of Nancy Whitfield, and never were the property of her former husband, her deed of conveyance to the defendants, her children, being made in fraud of the marital rights of the plaintiff, was void, as to him.
 
 If however,
 
 it was delivered during her coverture, they became the property of her husband, and, subject, of course, to his disposition. The deed from Isaac Kornegay to his daughter Nancy Whitfield, is witnessed by two witnesses, L. W. Kornegay, and Polly Kornegay, is proved at October term 1825, of Duplin County Court, and registered the 29th Dec. 1835. John Whitfield’s will is witnessed by L. W, Kornegay, and is proved and registered at the April
 
 *165
 
 term 1825, of Duplin County Court. He died in April 1825. To sustain the deed of gift from Isaac Kornegay to his daughter Mrs. Whitfield, as being’ delivered in the life time of John Whitfield, the defendants produced the deposition of L. W. Kornegay, who swears that he was a subscribing witness, the deed being before him, and that it was executed and delivered on the day it bore date, to John Whitfield, in whose possession it remained up-to the time of his death, and that after his death his widow, Nancy Whitfield, delivered it to him, to be proved and registered. It is in proof that the other witness to the deed, Polly Kornegay, is dead. Emmanuel Kornegay testifies that he saw the deed from Isaac Kornegay to Nancy Whitfield, in the possession of John Whitfield, her husband, during his life. William Whitfield testifies, that twenty or twenty-one years before the taking his deposition, he heard Isaac Kornegay say ho had given John Whitfield a deed for Matilda. To rebut this testimony, the plaintiff relies, in the first place, upon the form of the deed, and the fact that it was not registered until after the death of John Whitfield, both of them circumstances worthy of consideration in connection with the question we are considering, but neither of them possessed of much controlling weight. A father, in giving property to a daughter who is
 
 covert,
 
 is very apt to make use of the form here pursued, and it is in evidence by the testimony of J. W. Kornegay, that John Whitfield was a man of feeble health. The plaintiff, however, does not rest his case as to this question, upon these facts, but has examined a witness to sustain his allegation. Nancy Price testifies that some time after the death of John Whitfield, she was sent for by Mrs. Nancy Whitfield — she did not know for what — when she got to her house she found there Isaac Kornegay, the father of Mrs. Whitfield, who read a paper in her presence, in which he conveyed to his daughter Nancj^, a negro woman named Matilda,
 
 and her children,
 
 and a negro girl named
 
 *166
 
 Olive, to her and her heirs forever, and that she saw him deliver it. Much testimony is taken by the defendants to discredit this witness, and much to sustain her ; we do not think it necessary to scrutinize it with a view to forming an opinion on the subject. We do not think she in any degree contradicts the witnesses who speak to the delivery of the deed to John Whitfield and his possession. In the first place, she does not say that the deed she heard Isaac Kornegay read, was the one spoken of by the other witnesses, and relied on by the defendants ; and she has, in some degree, shown that it was not the same, for she swears that, by the deed she heard read, not only was' Matilda given, but
 
 her children.
 
 Now, in the deed before us, there is no mention of Matilda’s children. In the second place, Mrs. Whitfield was the executrix of John Whitfield ; at the time of his death, the deed from Isaac Kornegay had not been registered — if the statement made by Mrs. Price is true, and the conveyance then read was the one now before us — it only proves that Mr. Kornegay and his daughter, were willing to secure the negroes to the latter, and free them from any claim on the part of the creditors of John Whitfield. The testimony of Mrs. Price then does not prove that the conveyance, under which the defendants claim the negroes in dispute, never was delivered to John Whitfield. We<are satisfied from all the testimony, that the conveyance was so delivered, and that the title to the negroes vested in him, and that he had full power to dispose of thorn
 
 by
 
 his will. It is conceded that under the will of John Whitfield, his widow Nancy, had, at most, but a life estate in the negroes, and consequently the possession of the plaintifF up to the time of her death, was a rightful possession, and could not operate against the defendants.
 

 Per Curiam,
 

 The bill dismissed with costs.